IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 1:06-cr-103(4) |
| Plaintiff, : | |
| : | Judge Susan J. Dlott |
| v. : | |
| : | **ORDER DENYING DEFENDANT'S** |
| STEPHEN WHEELER, : | **MOTION FOR COMPASSIONATE** |
| : | **RELEASE** |
| Defendant. : | |
| : | |

This matter is before the Court on Defendant's Motion to Reduce Sentence (Doc. 742). The United States opposes Defendant's motion, and Defendant replied. (Docs. 746, 749). The Court conducted a hearing on October 5, 2020. For the reasons set forth below, Defendant's motion will be **DENIED**.

### I.  BACKGROUND

On November 22, 2006, Defendant Stephen Wheeler entered into a plea agreement in this matter. (Doc. 190.) As part of the plea agreement, Wheeler pled guilty to one count of conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (*Id.* at PageID 320.) The Court sentenced him, in part, to 78 months in prison followed by five years of supervised release. (Doc. 373.) After the United States Sentencing Commission amended the Guidelines relating to certain drug crimes, Wheeler successfully moved to have his sentence reduced from 78 months to 63 months. (Doc. 678.)

Wheeler successfully completed his incarceration and began his period of supervised release. On August 14, 2019, Wheeler pled guilty to trafficking in hashish and possessing weapons while under disability in Hamilton County, Ohio Court of Common Pleas Case Number

B 1900760. The Hamilton County Court sentenced him to two years of imprisonment. By committing another crime, Wheeler violated his supervised release in this case. On October 10, 2019, the Court sentenced him on the supervised release violation to "30 months to run consecutively to his Hamilton County Common Please Court sentence, case #B1900760." (Doc. 723 at PageID 1870.)

On August 10, 2020, Wheeler requested a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), commonly called "compassionate release." (Doc. 742.) In addition to asserting that he has been rehabilitated, Wheeler alleges two bases for his motion. First, he suffers from obesity which puts him at high risk for death if he contracts COVID-19. Second, his mother suffers from numerous health concerns, and she requires Wheeler's assistance for daily tasks. Wheeler is incarcerated at FMC-Lexington, a federal medical center operated by the Bureau of Prisons. His projected release date is November 3, 2021.

## II.     LEGAL STANDARD AND ANALYSIS

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008). "The compassionate release provisions were first included in the Sentencing Reform Act of 1984 . . . to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)). A defendant seeking sentence reduction bears the burden of proving entitlement to compassionate release. *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020).

Compassionate release motions are governed by 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3582(c)(1)(A)(i):

> The court may not modify a term of imprisonment once it has been imposed except that--
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In the case at bar, Wheeler exhausted the required administrative remedies.[1] (Doc. 742, Exh. D at PageID 1994.) However, the Court may grant his compassionate release only if "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is consistent with the applicable Sentencing Commission policy statements.[2] 18 U.S.C. § 3582(c)(1)(A)(i).

Section 3553(a) factors include, among others: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to

---

[1] Wheeler requested compassionate release from the Bureau of Prisons, but the Warden denied his request on July 9, 2020. (Doc. 742 at PageID 1994.)

[2] The applicable Sentencing Commission policy statements are contained in Sentencing Guideline § 1B1.13, and the accompanying commentary. However, "this statement is at least partly anachronistic because it has not yet been updated to reflect the new procedural innovations of the First Step Act." *Ebbers*, 432 F. Supp. 3d at 427. That being said, § 1B1.13(2) specifically requires a finding that "the defendant is not a danger to the safety of any other person or to the community." Commentary Application Note 1(A) to Guideline § 1B1.13 clarifies the circumstances under which a defendant's medical condition supports compassionate release (provided he is not a danger to the community).

reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct.

In this case, Wheeler seeks early release because: (1) obesity makes him vulnerable to serious illness if he contracts COVID-19 while incarcerated; (2) his mother is ill and requires his assistance; and (3) he has been rehabilitated. The Court will address these issues in reverse order.

As to rehabilitation, the Court sincerely hopes that Wheeler has been rehabilitated and will go forth and live a law-abiding life. However, this is not his first brush with the law. Before Wheeler first appeared in this Court in 2006, state courts had already convicted him of several crimes and incarcerated him for aggravated cocaine trafficking,[3] resulting in a criminal history category III. (PSR ¶ 116.) He then served 63 months in prison for conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine in this case. Yet, none of those experiences served to rehabilitate Wheeler as—just last year while on the supervised release this Court imposed—he again trafficked in drugs and illegally possessed firearms. Having now served just over one year of his 30-month term of imprisonment on the newest charges, Wheeler claims to be rehabilitated. The Court desperately wants to believe his claim, but his recent behavior strains such optimism.

As to Wheeler's second point, the Court is extremely sympathetic to Wheeler's mother, who would benefit from his care. It appears that she is in a very difficult position. Unfortunately, this result is not "extraordinary" or even uncommon. Incarcerated people

---

[3] The state court sentenced Wheeler to 18 months in prison but suspended the incarceration period in favor of 60 days in jail and three years of probation. However, he failed to comply with the terms of probation so the state court revoked his probation and sentenced him to a year in prison. (PSR ¶ 107.)

commonly leave innocent partners, parents, and children to fend for themselves as a result of criminal conduct.  Wheeler enjoys a particularly large family.  Hopefully, another relative will step forward to assist his mother during his absence.

Finally, Wheeler's obesity likely puts him at higher risk of serious illness if he contracts COVID-19 while incarcerated.  However, the Court is not convinced that Wheeler's physical challenges are enough to protect the public from further crimes.  As recently as last year, Wheeler engaged in drug trafficking sufficiently serious that he felt the need to possess firearms while doing so.  There is no evidence that he was significantly less obese at that time or that his current physical limitations would prevent him from engaging in similar dangerous criminal conduct if released now.

### III.  CONCLUSION

After considering the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is not warranted in this case. Accordingly, Defendant's Motion for Sentence Reduction (Doc. 742) is **DENIED**.

**IT IS SO ORDERED.**

S/Susan J. Dlott_____
Judge Susan J. Dlott
United States District Court